UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

RICHARD RAMIREZ, JR.,

        Defendant.

        NO. CR. S 06-00467-01 WBS

ORDER

----oo0oo----

        The parties have submitted a stipulation, pursuant to the provisions of 18 U.S.C. § 3582(c)(2), asking the court to reduce the term of imprisonment in this case from a total of 132 months to a total of 108 months imprisonment based upon Amendment 782 to the Sentencing Guidelines made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973.  The court must make its own independent determination whether to accept this stipulation.

        The undersigned was not the sentencing judge in this matter.  However, it appears from the original Plea Agreement and Presentence Report that the sentence was not based upon the

1

guidelines at all, but upon the parties' stipulation "that the guideline sentence is inadequate under the circumstances of this case," and their agreement that court should impose "a stipulated sentence of eleven years in prison." (Plea Agreement, paragraph B. 4., page 7.) This amounted to a substantial enhancement above the guidelines as determined by the Probation Officer, which were only 18 to 24 months.

The parties are therefore directed to submit briefs discussing why a sentence reduction is not precluded by United States v. Austin, 676 F.3d 924 (9th Cir. 2012).

Moreover, if defendant is entitled to the benefit of Amendment 782, the court is required under Application Note 1(B)(ii) to § 1B1.10 to consider the nature and seriousness of the danger to the community that may be posed by a reduction in defendant's term of imprisonment in determining whether a reduction in sentence is warranted. In that regard, the court notes the Probation Officer's observation that defendant is a documented Norteno gang member who posed a danger to the community. The protection of the public appears to have been a "paramount concern" in arriving at the original sentence.

In evaluating whether defendant is still likely to pose such a danger, Application Note 1(b)(iii) permits, but does not require, the court to consider post-sentencing conduct of the defendant that occurred after imposition of the sentence.

Accordingly, defense counsel and counsel for the government are also invited to submit for the court's consideration any information relating to defendant's conduct while serving the sentence.

The parties shall file their written responses to this Order within 20 days from the date this Order is filed. The matter will then be taken under submission.

IT IS SO ORDERED.

Dated: May 22, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3